UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEFF BLISS,                        )
                                   )
        Plaintiff                  )
                                   )
    v.                             ) Case No.:
                                   )
ALLIED INTERSTATE, INC.,           ) **COMPLAINT AND DEMAND FOR**
                                   ) **JURY TRIAL**
        Defendant                  )
                                   ) (Unlawful Debt Collection Practices)

## COMPLAINT

JEFF BLISS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person residing in Harrisonville, Pennsylvania, 17228, at the time of the alleged harassment.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Defendant ALLIED INTERSTATE, INC. is a national debt collection company with its corporate headquarters located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

13. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

14. The alleged debt at issue, a Lowe's/GE Capital credit card, arose out of transactions, which were primarily for personal, family, or household purposes.

15. Plaintiff never incurred any debts in connection with a business or commercial activities and, therefore, the debt, if truly an obligation owed by him, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

16. The debt Defendant was seeking to collect is a consumer debt.

17. Defendant collects on behalf of creditors for debts incurred, or alleged to have been incurred, arising from transactions that are personal, family, or household purposes. Defendant utilizes the U.S. Mail, telephone, internet and other resources to collect debts.

18. Beginning in March 2012, and continuing through April 2012, Defendant by and through its employees, continuously and repeatedly contacted Plaintiff on his home and cellular telephones seeking and demanding payment of an alleged debt.

19. A number of days during this period, Defendant contacted Plaintiff on his home and cellular telephones, at least, twice a day, sometimes calling as frequently as four (4) times a day.

20. Defendant's continuous and repetitive telephone calls totaled more than ten (10) per week and more than twenty (20) a month.

21. Plaintiff received Defendant's collection calls from the following telephone number: (866) 460-9145, which the undersigned has confirmed is a telephone number belonging to Defendant.

22. Upon information and belief, Defendant utilized an automated dialer, to make calls, and the device was programmed to call Plaintiff multiple times a day.

23. To stop Defendant's continuous and repetitive automated telephone calls, Plaintiff spoke with Defendant's collectors, including an individual identifying herself as "Jamie." Plaintiff demanded of Jamie that all calls to his residence and cellular phone stop immediately and admonished Defendant to limit communication to those in writing only.

24. Defendant ignored Plaintiff's clear and unambiguous instructions and continued to call his home and cellular telephones.

25. Plaintiff also informed Defendant that he disputed owing the debt, explaining on more than one occasion that he had purchased unemployment

insurance and that his coverage was to his knowledge, paying his bills while he was unemployed.

26. Defendant stated that the amount owed was $494.00, but that a payment of $33.00 would take the account out of collections.

27. Defendant never sought payment from the insurance policy Plaintiff identified and continued to contact Plaintiff demanding payment of the debt.

28. Most recently, Defendant contacted Plaintiff on April 3, 2012, and April 4, 2012, at 8:48 a.m.

## **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §1692d and §1692d(5) of the FDCPA

5

when it harassed Plaintiff in connection with the collection of an alleged debt, by calling him multiple times a day, numerous days a week, and more than 20 times a month, in addition to continuing to call Plaintiff after he instructed them to stop calling him and to only communicate with him in writing.

## COUNT II

a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including collecting a debt from Plaintiff which was to be paid by a third party.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JEFF BLISS, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JEFF BLISS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/19/12

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT